# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-189V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran |
| JACKI DELLA ROSA CARRON, * | |
| * | Filed: October 24, 2023 |
| Petitioner, * | |
| v. * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

*Simina Vourlis,* Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.

*Rachelle Bishop,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On February 22, 2022, Jacki Della Rosa Carron filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that she developed acute inflammatory demyelinating polyneuropathy ("AIDP") and chronic inflammatory demyelinating polyneuropathy as a result of her September 19, 2020, receipt of an influenza vaccine. Pet. at 1. The parties settled the claim and Petitioner was awarded compensation.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated October 23, 2023 (ECF No. 46) ("Mot."). Petitioner requests a total of $29,448.41, reflecting $28,260.20 in fees (incurred for the services of Simina Vourlis, Esq.), plus $1,188.21 in costs.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. Id.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Mot. at 5. Respondent reacted to the request on October 24, 2023. Response, dated October 24, 2023 (ECF No. 47) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$29,448.41.**

## ANALYSIS

**I.     Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney, based on the years work was performed:

| **Attorney** | **2021** | **2022** | **2023** |
|---|---|---|---|
| **Simina Vourlis (Attorney)** | $491.00 | $505.00 | $533.00 |
| **Simina Vourlis (Paralegal tasks)** | $172.00 | $172.00 | $182.00 |

Mot. (ECF No. 46) at 1-2.

Ms. Vourlis practices in Columbus, OH—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid in accordance with the rates as established in *McCulloch*. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The rates requested for Ms. Vourlis are consistent with what has previously been awarded for her work, in accordance with the Office of Special Masters' fee schedule.[3] Additionally, the rates requested for paralegal tasks are also in accordance with what attorneys receive for paralegal work in the Vaccine Program (Ms. Vourlis does not employ paralegals). And the time devoted to the matter was reasonably incurred. I will therefore award all fees requested for her work without adjustment.

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,188.21 in outstanding litigation costs, including the filing fee, medical record retrieval costs, and mailing costs. Mot. Ex. 23 at 1. All are commonly incurred in the Vaccine Program, are reasonable herein, and shall be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs and award a total of **$29,448.41** reflecting $28,260.20 in fees and $1,188.21 in costs, in the form of a check made jointly payable to Petitioner and her attorney, Ms. Simina Vourlis.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited October 3, 2023).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.